IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
January 8, 2019 Session

## IN RE RAESHAD B.

**Appeal from the Chancery Court for Sumner County**
**No. 2017-AD-11     Louis W. Oliver, Chancellor**

_____

**No. M2018-00238-COA-R3-PT**
_____

RICHARD H. DINKINS, J., concurring.

I concur in the result reached in this very difficult case.

Our holding that the record does not clearly and convincingly establish the grounds for termination means that we do not reach the question of what is in Raeshad's best interest. The dismissal of the termination proceeding means that Mother and Raeshad retain the parent-child relationship and does not compel his return to her custody. Neither does it necessarily lead to the lack of involvement by the Guardians in his life; it is clear that Raeshad and the Guardians, along with their other children, have formed familial bonds.

The record is not clear as to the nature and status of the juvenile court proceeding, which was apparently initiated as an emergency petition for protective custody; we do not know if there will be further court involvement between the parties. As this appeal did not seek review of an order of the juvenile court, we are unable to remand the case to that court. It also appears from the record that neither Jonah's Journey nor its successor agency is involved in this situation; the opinion notes that Mrs. B. stated "[i]t was up to the mother and the caregivers to work things out."

As they go forth, I encourage the parties to consider Raeshad's best interest and, as necessary, seek the guidance of the Department of Children's Services, the juvenile court (to the extent it has resources available), or some other entity that is able to assist the parties.

_____
RICHARD H. DINKINS, JUDGE